124 F.3d 205
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael D. FOXALL, Defendant-Appellant.
 No. 96-4039.
 United States Court of Appeals, Seventh Circuit.
 Argued June 10, 1997.
Decided July 11, 1997.
 
 Appeal from the United States District Court for the Central District of Illinois, No. 96-30018; Richard Mills, Judge.
 CUDAHY, COFFEY, and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Michael D. Foxall pleaded guilty to a one-count indictment charging him with being a felon in possession of firearms (a single shot 12 gauge shotgun and a .22LR caliber rifle) in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 24 months in prison, to be followed by 3 years of supervised release. Foxall appeals, claiming the district court clearly erred in denying him a six-level reduction pursuant to U.S.S.G. § 2K2.1(b)(2), which applies when the defendant "possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition." U.S.S.G. § 2K2.1(b)(2). We affirm the judgment of the district court.
 
 
 2
 On December 17, 1995, officers of the Quincy (Illinois) Police Department stopped a car driven by Foxall after they observed an expired sticker on the front license plate. When asked for his driver's license, Foxall stated that the license was suspended. A computer check on the license determined that it was revoked. Foxall was placed under arrest for driving without a valid driver's license. A search of Foxall revealed that he was carrying a pocket knife and a .30.30 rifle shell. One of the officers asked Foxall if there were any weapons in his vehicle; Foxall replied that there were not and that his firearms were in Missouri. The officers searched the car and discovered several items in the trunk, including a 12-gauge shotgun wrapped in a blanket, as well a black case which contained a .22LR caliber rifle with magazine and optical sight and a homemade flash suppressor or silencer.
 
 
 3
 After the plea of guilty and preparation of the presentence report, Foxall and the government filed memoranda and exhibits concerning the application of U.S.S.G. § 2K2.1(3)(2). Foxall's exhibits included signed statements from two individuals and photographs of his property, which were intended to show that he used the firearms in his possession for hunting and target shooting purposes. He also submitted an affidavit in which he averred that the item which the government characterized as a "silencer" was in fact a "flash suppressor." The government's exhibits were reports of examinations conducted by Geoffrey Descheemaeker, a firearms enforcement officer of the Bureau of Alcohol, Tobacco and Firearms. In one report, Descheemaeker concluded that the suspected silencer "embod[ies] the design and construction characteristics of a silencer" but "could not function effectively as a silencer." Descheemaeker provided testimony at the sentencing hearing about his examination of the suspected silencer as well as about the nature of silencers and flash suppressors.
 
 
 4
 The district court gave its reasons for denying the § 2K.1(b)(2) reduction at the sentencing hearing. The district court also presented a more refined version of its reasons in an order issued with the judgment. In both of its statements, the district court relied on four factors in determining that the § 2K2.1(b)(2) reduction was inappropriate. These factors are: 1) use of a piece of ammunition as a guitar pick: 2) lack of licenses to hunt or to possess firearms; 3) transportation of an uncased firearm; 4) possession of a device that may have been a illegal silencer.
 
 
 5
 Foxall's brief does not address the first three factors. Thus he has forfeited challenges to the district court's reliance on these factors. See Head Start Family Educ. Program, Inc. v. Cooperative Educ. Serv. Agency 11, 46 F.3d 629, 635 (7th Cir.1995); Salazar v. City of Chicago, 940 F.2d 233, 242-43 (7th Cir.1991). Foxall may not leave it to this court to devise his arguments regarding these three factors. See Head Start, 46 F.3d at 635 ("This court has no duty to research and construct legal arguments available to a party.") (citation omitted).
 
 
 6
 Given his forfeiture, Foxall's only hope is to contend that the fourth factor relied upon by the district court was essential to its determination and was clearly erroneous, or that the evidence supporting the application of § 2K2.1(b)(2) to his case was overwhelming. Foxall does at least make the latter contention, but it lacks merit. The commonplace use of rifles and shotguns for sporting purposes in the rural area where Foxall lived suggest merely that he might have intended to use his firearms for such purposes, not that he necessarily did so intend. Letters stating that Foxall did use the firearms for sporting purposes do not necessarily imply that he used or intended them solely for such purposes. Foxall's failure to obtain a hunting license could suggest that he did not necessarily intend to use the firearms and ammunition solely for lawful sporting purposes.
 
 
 7
 Furthermore, the district court did not clearly err in determining that an item possessed by Foxall "may have been an illegal silencer"--or more accurately, may have been intended by Foxall to be a silencer. Officer Descheemaeker's testimony indicated that the device could not function effectively as either a silencer or a flash suppressor because it was tightly packed with steel wool and did not allow a projectile to pass through. However, Descheemaeker also stated his opinion--and reiterated it on cross-examination--that the steel wool packing was unnecessary for suppressing the flash and that the device therefore appeared to be intended as a silencer. Descheemaeker's testimony matches the statements in his report that the device "embod[ies] the design and construction characteristics of a firearm silencer" even though it could not actually "function effectively as a silencer." The district court did not clearly err in crediting the expert opinion of Descheemaeker over the self-serving declarations of Foxall.
 
 
 8
 The judgment of the district court is AFFIRMED.